UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                    :
BABATUNDE KAREEM AGORO,
                                                    :
            Petitioner,                                    **MEMORANDUM**
                                                    :     **OPINION AND ORDER**
      -against-
                                                    :          **11 Civ. 181 (SAS)**
UNITED STATES OF AMERICA
                                                    :
            Respondent.
------------------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.    INTRODUCTION

        On January 4, 2011, Babatunde Kareem Agoro filed this petition for a

writ of habeas corpus pursuant to section 2241 of title 28 of the United States

Code.  In this application, Agoro seeks to challenge a final order of removal and

contends that ineffective assistance from his immigration counsel prevented him

from filing a timely petition for review of the order of removal.  Agoro also seeks

to challenge "the conviction that serves as a basis for his deportation order."[1]  For

the reasons discussed below, Agoro's petition for a writ of habeas corpus is

denied.

---

[1]        Petition for a Writ of Habeas Corpus ("Pet.") at 1.

## II.   BACKGROUND

Agoro is a citizen of Nigeria.[2]  He came to the United States on or about January 5, 1980, and became a lawful permanent resident on December 1, 1983.  Agoro was convicted of credit card fraud in the District of Rhode Island.[3] He was scheduled to be sentenced on May 1, 1991, but failed to appear.   Agoro ultimately appeared for sentencing on April 1, 1992, and was sentenced to eight months' imprisonment for the credit card fraud.  Agoro was eventually convicted for his earlier failure to appear for sentencing, in violation of 18 U.S.C. § 3146(A), and, on August 4, 1993, was sentenced to ten months' imprisonment for that offense.[4]  Agoro brought a motion, pursuant to 28 U.S.C. § 2255, attacking his conviction for credit card fraud, but the motion was denied.[5]

On April 1, 1996, Agoro was convicted of violating the terms of his supervised release and sentenced to twelve months' incarceration.[6]  Shortly before

---

[2]      *See id.* at 2.

[3]      *See id.  See also United States v. Agoro*, No. 90 Cr. 102 (D.R.I. 1992).

[4]      *See* Pet. at 2; *United States v. Agoro*, No. 91 Cr. 74L (D.R.I. 1993).

[5]      *See Agoro v. United States*, No. 96 Civ. 392 (D.R.I. Dec. 20, 1996) (Docket No. 8).  This section 2255 motion challenges the conviction in *United States v. Agoro*, No. 90 Cr. 102 (D.R.I. 1992)).

[6]      *See United States v. Agoro*, No. 90 Cr. 102 (D.R.I. 1992) (Judgment and Commitment).

Agoro was released from custody, the former Immigration and Naturalization Service ("INS") initiated deportation proceedings against him. On December 31, 1996, Agoro was released from custody on the criminal charges.

## A.     Agoro's Deportation Proceedings

On October 28, 1996, the INS initiated deportation proceedings against Agoro by issuing an Order to Show Cause.[7] The Order to Show Cause asserted that Agoro was deportable under former section 241(a)(2)(A)(ii) of the Immigration and Nationality Act ("INA") as an alien who had been convicted of two or more crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.[8] The INS subsequently charged that Agoro was deportable as an aggravated felon under section 241(a)(2)(A)(iii) of the INA based on his conviction for failure to appear for sentencing.[9]

In this application, Agoro alleges that he appeared before Immigration Judge Sandy K. Hom on June 6, August 15, and September 19, 1997. Agoro alleges that his attorney failed to appear at the August and September 1997

---

[7]     *See* Pet. at 2.

[8]     *See id.* at 2-3. *See also Agoro v. The District Dir. for Immigration Custom Enforcement ("ICE") et al.*, No. 09 Civ. 8111 (S.D.N.Y. Jan. 4, 2010) (Order of Dismissal at 4) (Docket No. 10).

[9] *See* Pet. at 3; *Agoro v. The District Dir. for ICE et al.*, No. 09 Civ. 8111 (S.D.N.Y. Jan. 4, 2010) (Order of Dismissal at 4) (Docket No. 10).

hearings and that this was ineffective assistance of counsel that prejudiced him.[10] Agoro alleges that on September 19, 1997, the Immigration Judge ("IJ") found him deportable both for having been convicted of two crimes of moral turpitude and for having been convicted of an aggravated felony, and ordered him deported to Nigeria.[11]

Agoro appealed the decision, and the Board of Immigration Appeals ("BIA") held that the IJ had failed to explain the basis for his findings. The BIA therefore remanded the matter for the IJ to "provide the parties an opportunity to fully address the issues of deportability and relief from deportation."[12] After remand, on May 21, 1999, the IJ again found Agoro deportable. Agoro filed an appeal on June 23, 1999. On August 31, 1999, the BIA dismissed Agoro's appeal as untimely, because it was filed more than thirty days after he was declared removable. Agoro alleges that, because his attorney was ineffective, he did not learn that the appeal had been dismissed until four years thereafter.[13] Upon

---

[10]   *See* Pet. at 3.

[11]   *See id.*

[12]   *Id.*

[13]   *See id.* at 4.

learning that the appeal had been dismissed, Agoro filed a motion to reopen on April 10, 2003.

On February 2, 2005, the BIA re-opened Agoro's deportation proceedings and remanded to the IJ to consider whether Agoro was entitled to a waiver under section 212(c) based on the Supreme Court's decision in *INS v. St. Cyr*.[14] The IJ denied Agoro's application for section 212(c) relief on November 29, 2005. The BIA affirmed the IJ's decision on September 27, 2007, and the Second Circuit Court of Appeals denied his appeal.[15]

On January 15, 2009, Agoro filed a motion to reopen with the BIA relying on a decision from the Ninth Circuit Court of Appeals for the proposition that a conviction for failure to appear for sentencing does not constitute an aggravated felony for purposes of section 241(a)(2)(A)(iii) of the INA [16] On March 17, 2009, the BIA denied the motion to reopen. Agoro alleges that he asked counsel to appeal this decision but counsel failed to do so. On April 16, 2009, Agoro filed a motion to reconsider the decision and stay deportation, but the

---

[14]     533 U.S. 289 (2001).

[15]     *See* Pet. at 4-5. *See also Agoro v. Mukasey*, 286 Fed. Appx. 758 (2d Cir. 2008).

[16]     *See* Pet. at 5.

6

BIA denied the motion on May 12, 2009. The BIA denied another petition for review of that decision on September 3, 2009.

On October 15, 2009, Agoro filed a motion to re-open his deportation proceedings on the ground that counsel who represented him in those proceedings was ineffective.[17] The BIA denied the motion on November 16, 2009. On December 18, 2009, the BIA denied Agoro's motion for reconsideration of its November 16, 2009 decision.

### B.  Agoro's Detention by DHS

Agoro was taken into custody by officers of Immigration and Customs Enforcement ("ICE") on November 25, 2008. In 2009, Agoro sought relief in this Court challenging his detention.[18] The Court denied relief because Agoro failed to satisfy his burden of proving that there was no significant likelihood that he would be removed in the reasonably forseeable future.[19] The Court held that even if Agoro filed "additional claims in an effort to prolong the removal process, his removal [would] still be considered reasonably forseeable

---

[17]  *See id.*

[18]  *See Agoro v. The District Dir. for ICE et al.*, No. 09 Civ. 8111 (S.D.N.Y. Sept. 23, 2009) (Docket No. 2).

[19]  *See id.* (Order of Dismissal at 16) (Docket No. 10). The Second Circuit subsequently affirmed the dismissal of the section 2241 petition. *See id.* (Mandate filed Feb. 3, 2011) (Docket No. 18).

because any resulting delay [would] be caused by Agoro's own actions."[20] Agoro is presently in DHS custody in the Buffalo Federal Detention Facility, which is in Erie County, New York.[21]

On December 30, 2010, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Western District of New York challenging his ongoing detention.[22] The Court denied his request for an order to show cause and directed Respondent to answer.[23]

### C. Agoro's Petition for a Writ of Habeas Corpus

In this application, Agoro contends that: (1) his conviction for failure to appear for sentencing does not constitute an aggravated felony for purposes of section 241(a)(2)(A)(iii) of the INA, and thus he should not be subject to deportation on this basis; (2) because he should *not* be deemed an aggravated felon, he is entitled to seek relief under asylum laws on the basis that he will be persecuted as a Christian if he returns to Nigeria; (3) because he should not be

---

[20]   *Id.* (Order of Dismissal at 17) (Docket No. 10).

[21]   *See* Pet. at 22.  Erie County is in the Western District of New York. *See* 28 U.S.C. § 112(d).

[22]   *See Agoro v. Herron*, No. 10 Civ. 1055 (W.D.N.Y. 2010) (Docket No. 1).

[23]   *See id.* (Order filed Jan. 18, 2011) (Docket No. 4).

deemed an aggravated felon, he is also entitled to relief under laws regarding the withholding of removal and the Convention Against Torture; (4) his convictions for credit card fraud and failure to appear for sentencing are not "separate and distinct," and therefore he is not deportable under section 241(a)(2)(A)(ii) of INA for having committed two crimes of moral turpitude; (5) the BIA's failure to address his arguments regarding ineffective assistance of counsel during deportation proceedings deprived him of due process; (6) the BIA erred in holding that his motion based on ineffective assistance of counsel was untimely because he was entitled to equitable tolling; (7) counsel in his criminal proceedings was ineffective for failing to discuss the immigration consequences of his guilty plea and he would not have pled guilty if he had been apprised of the immigration consequences;[24] (8) his criminal conviction for credit card fraud should be vacated because his plea was not knowing and voluntary.[25]

## III.   LEGAL STANDARDS

### A.   Jurisdiction Over Challenge to Removal Proceedings

---

[24] *See* Petitioner's Affidavit in Support of Post Conviction Relief, Ex. A to Pet. at ¶¶ 9-14. *See also* Petitioner's Affirmation, Ex. B to Pet. at ¶¶ 9-12 ("Defendant moves to vacate his guilty plea . . .").

[25]      *See* Petitioner's Affirmation, Ex. B to Pet. at ¶¶ 15-16) (Defendant's plea "was not made voluntarily, intelligently or knowingly . . . .").

On May 11, 2005, Congress enacted the Real ID Act of 2005 (the "Act" or "Real Id Act").  The Real ID Act amended the INA to provide that "petitions for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act."[26]

## B.    Transfer of Petition for Review

When an alien seeks review of an order of removal, and such relief is barred by the Real ID Act, the only remaining question is whether the application should be transferred to the appropriate court of appeals or dismissed.  Section 106(d) of the Real ID Act requires a district court to transfer to the appropriate court of appeals any motion challenging an order of removal that was pending on May 11, 2005.[27]  Transfer under section 106 is not authorized, however, where a motion was filed after the enactment of the Real ID Act.[28]

---

[26]    8 U.S.C. § 1252(a)(5).  *See also De Ping Wang v. Department of Homeland Security*, 484 F.3d 615, 618-19 (2d Cir. 2006).

[27]    *See Gittens v. Menifee*, 428 F.3d 382, 385 (2d Cir. 2005).

[28]    *See, e.g., De Ping Wang*, 484 F.3d at 617; *Munoz v. Gonzalez*, No. 05 Civ. 6056, 2005 WL 1644165, at * 1 (S.D.N.Y. July 11, 2005).

Under 28 U.S.C. §1631, when a motion is filed in a court that lacks jurisdiction, the court shall transfer such action if it is in the interest of justice. Where an application for review has been timely filed, the District Court generally must transfer it to the court of appeals.[29] If the application seeking review of the final order of removal is not timely, dismissal is appropriate.[30]

The time limit for seeking review of a final order of removal is thirty days after the date of the final order of removal.[31] An order of removal is final upon the earlier of the BIA's affirmance of the Immigration Judge's order of removal or the expiration of the time to appeal the Immigration Judge's order to the BIA. "[T]he filing of a motion to reopen does not toll the time for filing a petition for review of the BIA's final exclusion or deportation order."[32]

## IV.   DISCUSSION

### A.   The Real ID Act Bars the Relief Requested

Insofar as Petitioner contends that he is not subject to removal – because he should not be deemed an aggravated felon, was not convicted of two

---

[29]   *See Paul v. INS*, 348 F.3d 43, 46 (2d Cir. 2003).

[30]   *See De Ping Wang*, 484 F.3d at 617-18.

[31]   *See* 8 U.S.C. § 1252(b) (petitions for review "must be filed not later than thirty days after the date of the final order of removal").

[32]   *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005).

11

separate crimes of moral turpitude, and is entitled to asylum or withholding of
deportation under the Convention Against Torture — such allegations challenge
the final order of removal.  As such, this Court lacks jurisdiction over such claims
because a petition for review in the Second Circuit Court of Appeals is the
exclusive means for judicial review of an order of removal.[33]

Petitioner's order of removal became administratively final on
September 27, 2007, when the BIA affirmed the IJ's November 29, 2005 decision
holding that Agoro was not entitled to discretionary relief from removal under
section 212(c).[34]  The time limit for filing a petition for review expired thirty days
thereafter, that is, on or about October 27, 2007.[35]  Agoro's motion to reopen, filed
January 15, 2009, does not toll the time for filing a petition for review.[36]

The deadline for filing a petition for review had therefore long since
expired when Agoro gave this application to ICE officials for mailing on or about

---

[33]     *See* 8 U.S.C. § 1252(a)(5). *See also  De Ping Wang*, 484 F.3d at 618-
19.

[34]     *See Agoro v. Mukasey*, 286 Fed. Appx. 758 (2d Cir. 2008).

[35]     *See Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 114 (2d Cir. 2008)
(holding that the thirty day time limit for filing petitions for review is jurisdictional
and not subject to equitable tolling).

[36]     *See Kaur*, 413 F.3d at 233 ("It is [ ] well-established that the filing of
a motion to reopen does not toll the time for filing a petition for review of the
BIA's final [ ] deportation order . . .").

December 28, 2010.[37]  Because the thirty-day time limit is a strict jurisdictional

prerequisite, the Second Circuit would not have jurisdiction over this application.

Transfer of the petition for review under 28 U.S.C. § 1631 is therefore not

permitted.[38]  To the extent petitioner's application is in essence a challenge to the

removal proceedings, the application is therefore dismissed.

### B.   Ineffective Assistance of Immigration Counsel Prevented Timely Filing

Insofar as Petitioner argues that he was unable to file a timely petition

for review because of circumstances created by ineffective assistance of counsel in

the immigration proceedings, the Court of Appeals has not resolved whether the

district court retains jurisdiction to review such claims in a section 2241 petition

on the theory that these are not claims "arising from" the removal proceedings

within the meaning of 8 U.S.C. § 1252(b)(9) and because the failure to provide a

forum for such claims could constitute a suspension of the writ.  Even assuming

that Petitioner's claim − that he failed to file a timely petition for review because

his immigration counsel was ineffective for failing to notify him that a final order

of deportation issued in 1999 and he did not learn of this order until 2003 − is

---

[37]     *See* Pet. at 22.

[38]     *See De Ping Wang*, 484 F.3d at 618.

13

collateral to or independent of the order of removal, the only relief he could seek in a section 2241 petition would be an order directing the BIA to reissue the final order of removal so that the thirty day period within which to file a timely petition for review would begin to run anew.

As an initial matter, Agoro is currently confined in Buffalo, New York, which is in the Western District of New York.[39]  The Court therefore considers whether venue is proper in this district for his claim alleging that because his immigration counsel was ineffective for failing to notify him of the 1999 order of removal, the Court should direct the BIA to reissue the order of removal so that he can file a timely petition for review in the Second Circuit.  In *Rumsfeld v. Padilla*, the Supreme Court "left open the question of whether the Attorney General is a proper respondent to a habeas petition filed by an alien pending deportation" and whether venue lies only in petitioner's district of confinement.[40]

A majority of district courts have held that habeas petitions by aliens challenging their *physical detention* must be brought against the immediate custodian in the district where the alien is confined.[41]  In contrast, where aliens

---

[39]     *See* 28 U.S.C. § 112(d).

[40]     542 U.S. 426, 435 n.8 (2004).

[41]     *See, e.g., Freire v. Terry*, __ F. Supp. 2d __, No. 10 Civ. 6311, 2010 WL 5297183 (S.D.N.Y. Dec. 20, 2010) (collecting cases).  *See also Allen v.*

14

have brought habeas petitions seeking adjustments in their immigration status not arising from an order of removal, some courts have held that the Attorney General or an official of the Department of Homeland Security is a proper respondent in a section 2241 petition and traditional principles of venue apply.[42]   Because Agoro's claim regarding ineffective assistance of immigration counsel is not a challenge to his present physical confinement, the Court assumes without deciding that venue lies in this district under traditional principles of venue because his removal proceedings were held within the district.[43]

Nevertheless, Petitioner fails to state a claim that his immigration counsel was ineffective in violation of the Fifth Amendment.[44]   He fails to allege

---

*Holder*, No. 10 Civ. 2512, 2011 WL 70558 (S.D.N.Y. Jan. 4, 2011).

[42]     *See, e.g., Guo v. Napolitano*, No. 09 Civ. 3023, 2009 WL 2840400, at * 3 (S.D.N.Y. Sept. 2, 2009). *See also Rumsfeld*, 542 U.S. at 438 (general rule that venue is proper in district of confinement "does not apply when a habeas petitioner challenges something other than his present physical confinement").

[43]     *See Henderson v. INS*, 157 F.3d 106, 128 n.25 (2d Cir. 1998) (holding that traditional venue considerations include "(1) where all of the material events took place; (2) where the records and witnesses pertinent to petitioner's claim are likely to be found; and (3) the convenience of the forum for both the respondent and the petitioner"). *See also* Pet. at 3.

[44]     *See United States v. Perez*, 330 F.3d 97, 101-02 (2d Cir. 2003) ("To show fundamental unfairness, an alien must allege facts sufficient to show (1) that competent counsel would have acted otherwise, and (2) that he was prejudiced by his counsel's performance.").

15

that he was prejudiced by immigration counsel's failure to notify him of the 1999 deportation decision because he alleges that the BIA reopened his deportation proceedings in 2005 and issued a new decision that became final on September 27, 2007, allowing him to file a petition for review at that time.[45]   The allegations of the Petition therefore fail sufficiently to allege that Petitioner suffered any prejudice as a result of ineffective assistance of counsel.   Because Agoro fails to state a claim on which relief can be granted for ineffective assistance of his immigration counsel, this claim is dismissed.

### C.   Jurisdiction Does Not Lie to Challenge the Underlying Criminal Conviction

Agoro alleges that defense counsel in his criminal proceedings in the District of Rhode Island was ineffective under *Padilla v. Kentucky*[46] for failing to advise him of the immigration consequences of a guilty plea.[47]   He further alleges

---

[45]   *See* Pet. at 4-5.

[46]   130 S. Ct. 1473 (Mar. 31, 2010).

[47]   *See* Petitioner's Affidavit in Support of Post Conviction Relief, Ex. A to Pet. at ¶¶ 9-14). *See also* Petitioner's Affirmation, Ex. B to Pet. at  ¶¶ 9-12 ("Defendant moves to vacate his guilty plea . . ."). "[S]ome courts have held that *Padilla [v. Kentucky*, 130 S. Ct. 1473 (2010),] should be applied retroactively because it merely reaffirms an old rule (*Strickland*) in a particular factual setting . . . others have declined to do so concluding that *Padilla* established a new constitutional right." *Brown v. United States*, No. 10 Civ. 3012, 2010 WL 5313546, at *5 (E.D.N.Y.  Dec. 17, 2010).

16

that his guilty plea was not knowing and voluntary.[48]  To the extent Agoro

challenges his underlying criminal proceedings, such challenge is independent of

the order of removal.  I therefore construe this claim as a motion to vacate his

conviction under 28 U.S.C. § 2255.[49] Although district courts generally should not

re-characterize a motion purportedly made under some other rule as a motion under

section 2255 unless petitioner agrees or has been provided an opportunity to

withdraw the application, petitioner is not entitled to such notice if a prior section

2255 motion has been denied on the merits.[50]  The District of Rhode Island

dismissed Agoro's prior motion to vacate his conviction in *United States v. Agoro*,

No. 90 Cr. 102 (D.R.I. 1992), on the merits,[51] and thus this application constitutes a

second or successive motion.

        Before filing a second or successive application, section 2244(b)(3)

requires a petitioner to move in the appropriate court of appeals for an order

---

    [48]    *See* Petitioner's Affirmation, Ex. B to Pet. at ¶¶ 15-16 (Defendant's
guilty plea "was not made voluntarily, intelligently or knowingly . . .").

    [49]    *See Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003) ("[W]hen
collaterally attacking a sentence on the ground that he was convicted in violation of
the Constitution or federal law, a federal prisoner must use § 2255.").

    [50]    *See Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998);
*Jiminian v. Nash*, 245 F. 3d 144, 148 (2d Cir. 2001).

    [51]    *See Agoro v. United States*, No. 96 Civ. 392 (D.R.I. Dec. 20, 1996)
(Docket No. 8).

17

authorizing the district court to consider the application.[52]  Where a second or

successive motion is commenced in the district court, in the Second Circuit, "the

district court should transfer the petition or motion to [the appropriate court of

appeals] in the interest of justice pursuant to § 1631.[53]  Accordingly, to the extent

this application is a challenge to Agoro's conviction in *United States v. Agoro*, No.

90 Cr. 102 (D.R.I. 1992), on grounds that criminal defense counsel was ineffective

for failing to advise him of the immigration consequences of his guilty plea and on

grounds that his guilty plea was not knowing and voluntary, it is transferred to the

Court of Appeals for the First Circuit as a request for leave to file a successive

section 2255 motion.[54]

---

[52]     *See* 28 U.S.C. § 2244(b)(3)(A).

[53]     *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996); *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003).  In the First Circuit, a district court faced with an unapproved second or successive habeas petition can *either* dismiss it or transfer to the appropriate court of appeals. *See United States v. Barrett*, 178 F.3d 34, 41 (1st Cir. 1999).

[54]     I do not reach the issue of whether immigration detention constitutes "custody" for purposes of Agoro's section 2255 motion. *See Ogunwomoju v. United States*, 512 F.3d 69, 75 (2d Cir. 2008) ("[O]ne held in immigration detention is not 'in custody' for the purpose of challenging a state conviction under § 2254) (quoting 28 U.S.C. § 2254); *Eisa v. ICE*, No. 08 Civ. 6204, 2008 WL 4223618, at *4 (S.D.N.Y. Sept. 11, 2008) ("[A] petitioner in immigration detention or under a final order of removal as a result of a criminal conviction is not considered 'in custody' for the purposes of Section 2255.") (quoting 28 U.S.C§ 2255).

### D.     Petition for a Writ of Error Coram Nobis

Federal courts are authorized to grant the common law writ of error *coram nobis* by the All Writs Act, codified at 28 U.S.C. § 1651(a).[55]  Relief is "strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid."[56]  A writ of error *coram nobis* will issue only when "no other remedy is available and sound reasons exist for failure to seek appropriate earlier relief."[57]  The common law writ cannot be invoked merely to override AEDPA's gatekeeping requirements imposing time limits and limits on successive motions.

"As a historical matter, the writ of *coram nobis* was used by a court to correct its own errors."[58]  The Supreme Court has noted that "if there be error in the process, or through the default of the clerks, it may be reversed *in the same court, by writ of error coram nobis.*"[59]  This Court therefore lacks jurisdiction to consider

---

[55]     *See United States v. Morgan*, 346 U.S. 502, 512 (1954).

[56]     *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000).

[57]     *Morgan*, 346 U.S. at 512.

[58]     *See Finkelstein v. Spitzer*, 455 F.3d 131 (2d Cir. 2006) (citing *Morgan*, 346 U.S. at 512 ("[T]he writ was used by a court in cases within its own jurisdiction, not to correct errors in other jurisdictions.").

[59]     *See Morgan*, 346 U.S. at 507 n.9.

19

a petition for a writ of error *coram nobis* with respect to Agoro's conviction(s) in

the District of Rhode Island, and such claims are dismissed without prejudice.

E.     **Order to Show Cause**

On February 22, 2011, Petitioner filed an application seeking an order

requiring Respondents to show cause why his Petition should not be granted.  In

the application, Agoro: (1) seeks an order vacating his criminal conviction because

counsel failed to advise him of the immigration consequences of his plea, (2)

alleges that his immigration counsel was ineffective and he should therefore be

permitted to challenge the order of removal, and (3) alleges that he has been

detained "for over 24 months" and therefore his Petition should be granted.[60]

Petitioner's first two arguments are rejected for the reasons set forth in this Order.

Petitioner's allegations regarding the length of his detention, which were not

raised in the initial Petition, duplicate the allegations of the Petition currently

pending in the Western District of New York.[61]  Because venue for the challenge

to Agoro's physical detention is proper in the Western District where he is

---

[60]     *See* Application for Issuance of Order to Show Cause at 1-3.

[61]     *See Agoro v. Herron*, No. 10 Civ. 1055 (W.D.N.Y. 2010) (Docket No.
1).

confined and because he did not make such allegations in his Petition, the

application for an order to show cause on this basis is also denied.[62]

## V.   CONCLUSION

Petitioner's application for an Order to Show Cause is denied.

Insofar as Petitioner challenges his conviction in *United States v. Agoro*, No. 90

Cr. 102 (D.R.I. 1992), the Petition is construed as a request for leave to file a

successive section 2255 motion and transferred to the United States Court of

Appeals for the First Circuit.  Petitioner's application for a writ of error *coram

nobis* challenging his conviction(s) in the District of Rhode Island is dismissed

without prejudice.  Petitioner's challenge to his order of removal is dismissed

because such claims must be brought in a petition for review, and the Court

declines to transfer such claims because they are untimely.  Moreover, Petitioner

fails to state a claim that his immigration counsel was ineffective because he was

not prejudiced by the failure to notify him of the earlier 1999 order of removal.  As

Petitioner has not made a substantial showing of the denial of a constitutional right,

a Certificate of Appealability ("COA") shall not issue.[63]  The Court certifies,

---

[62]    *See Rumsfeld,* 542 U.S. at 435.

[63]    *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983) (quotation marks and citation omitted)). *See also Middleton v. Attorneys Gen. of the States of New York and Pennsylvania,* 396

21

pursuant to 28 U.S.C. §1915(a)(3), that any appeal from the instant Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.[64]

SO ORDERED:

SHIRA A. SCHEINDLIN
U.S.D.J.

Dated:      February 24, 2011
            New York, New York

---

F.3d 207, 209 (2d Cir. 2005) (denying COA where reasonable jurists could not debate whether the district court's dismissal of the petition was correct).

[64]    *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

22

**-Appearances-**

**For Petitioner (Pro Se):**

Babatunde Agoro
Alien Reg. No. 024624753
Buffalo Federal Detention Fac.
4250 Federal Drive
Batavia, NY 14020